354

**Ex parte GOULD.**
**No. 2430.**

District Court of the United States for the
District of Columbia.
July 29, 1943.

William H. Collins, of Washington, D. C., for petitioner.

Edward M. Curran, U. S. Atty., and Charles B. Murray and John P. Burke, Asst. U. S. Attys., all of Washington, D. C., for respondent.

MORRIS, Justice.

The petitioner, upon conviction in this Court for violation of Section 415, 18 U.S. C.A., was sentenced on May 13, 1938, to the penitentiary for a term of two to five years. He immediately began the service of said sentence. He did not `serve any portion thereof at any institution other than a penal institution in and for the District of Columbia. After serving the full sentence, less allowance for good conduct while confined under said sentence, he was released from custody on January 17, 1942, subject to certain conditions, one of which was that he not depart the District of Columbia without the permission of the Board of Indeterminate Sentence and Parole of the District of Columbia. Petitioner did depart from said District without asking or receiving such permission. On February 24, 1943, he was arrested in the State of California on a warrant issued at the instance of said Board of Indeterminate Sentence and Parole of the District of Columbia (which will be hereafter referred to as the District Board) and subsequently brought to the District of Columbia. Whereupon, the District Board revoked the release and directed that the petitioner be confined for service of the remaining portion of his sentence. The petitioner in these proceedings challenges the authority of the District Board to impose conditions on his release, to su-

pervise him during the period between such release and the expiration of his maximum sentence, or to revoke such release because of any violation of such conditions.

It is the contention of the petitioner that he is entitled to the good conduct deduction provided for by Section 710, 18 U.S.C.A.[1] It is not contended by the petitioner that Section 24—405 of the District of Columbia Code 1940, or its antecedents, providing for deductions for good conduct of persons sentenced to and imprisoned in the jail or in the workhouse of the District of Columbia has any application to him. He does contend, however, that neither does Section 4 of the Act of Congress, approved June 29, 1932, § 716b, 18 U.S.C.A.[2] which modifies the character of the release for good conduct authorized by Section 710, supra, and treats such release "as if on parole" until the expiration of the maximum term stated in the sentence, have any application to him.

It is no longer open to question in this jurisdiction that a person convicted of a felony in the District Court of the United States for the District of Columbia and sentenced to serve a term in the penitentiary is entitled to the deduction authorized by Section 710, supra, and, if released on account thereof, that such release is conditional as provided in Section 716b, supra. Story v. Rives, 68 App.D.C. 325, 97 F.2d 182. In that case our Court of Appeals was dealing with the conditional release of Story who, having been sentenced in the District of Columbia and committed to the District of Columbia Reformatory at Lorton, Virginia, was subsequently transferred to the United States Northeastern Penitentiary, and thereafter to the United States Hospital for Defective Delinquents at Springfield, Missouri, from which institution he was so released after having served the maximum sentence imposed, less deduction allowed for good conduct. The United States Board of Parole caused him to be detained for a breach of the conditions of his release, and the Court determined that Story was properly treated "as if released on parole," and that he could be retaken for violation of the conditions of release.

If petitioner looks to the general statute authorizing release on account of good conduct, he must look to that statute as it is amended. The contention of the petitioner that the amendment has no application to him is grounded upon the proposition that, by an Act of Congress, approved July 15, 1932, 47 Stat. 696, Sections 24—201 to 24—208, D.C.Code 1940, there was established in the District of Columbia the District Board for the penal institutions for said District, which Act undertook to legislate generally on the subject matter, and did not provide for any conditional release of prisoners entitled to release because of good conduct. The short answer to such

[1] "Sec. 710. Deductions from sentences for good conduct; computation. Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: Upon a sentence of not less than six months nor more than one year, five days for each month; upon a sentence of more than one year and less than three years, six days for each month; upon a sentence of not less than three years and less than five years, seven days for each month; upon a sentence of not less than five years and less than ten years, eight days for each month; upon a sentence of ten years or more, ten days for each month. When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated. (R.S. §§ 5543, 5544; Mar. 3, 1875, c. 145, § 1, 18 Stat. 479; Mar. 3, 1891, c. 529, § 8, 26 Stat. 840; June 21, 1902, c. 1140, § 1, 32 Stat. 397.)"

[2] "Sec. 716b. Same; prisoners released with credit for good conduct treated as on parole until expiration of maximum term. Any prisoner who shall have served the term or terms for which he shall after June 29, 1932 be sentenced, less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence: Provided, that this section shall

contention is that neither did such legislation provide for any release of a person so situated as the petitioner, but left to him such rights as he had under Section 710, supra, which, as has been already stated, was amended by Section 716b, supra, before the District Board was created. It is to be noted that Section 9 of the Act approved July 15, 1932, supra, provides that: "Upon the appointment of the members of said board, the powers of the existing parole board over prisoners confined in the penal institutions of the District of Columbia shall cease and determine and all the powers of said existing parole board under the authority of the Act of Congress approved June 25, 1910, entitled 'An Act to parole United States prisoners, and for other purposes,' as amended, over said prisoners confined in the penal institutions of the District of Columbia shall be transferred to and vested in said Board of Indeterminate Sentence and Parole * * *." The part of the section quoted, with some alterations by the codifiers, appears in Section 24—208, D.C.Code 1940. The members of the District Board were appointed August 30, 1932.[3]

■ It is obvious that the "existing parole board" mentioned in the statute referred to the board of parole created by Act of Congress approved May 13, 1930, 46 Stat. 272, Sec. 723a, 18 U.S.C.A., and generally referred to as the United States Board of Parole. It seems clear that such board of parole, at the time of the transfer of its authority and powers "over prisoners confined in the penal institutions of the District of Columbia" to the District Board, had the

power to impose conditions on the release of prisoners entitled to such release under Sections 710 and 716b, supra, and that such board also had the power to supervise such persons so released and to cause any such person violating the conditions of his release to be retaken. There is nothing in the Act or its legislative history to indicate that it was the intention of Congress that the United States Board of Parole should retain any authority, whether derived from the statutes authorizing release on parole or conditional release "as if on parole," with respect to prisoners confined in the penal institutions of the District of Columbia. That the United States Board of Parole, and not the District Board, should have jurisdiction over prisoners convicted in the District of Columbia and transferred to some federal institution other than the penal institutions of the District is made abundantly clear by Act of Congress approved June 5, 1934, 48 Stat. 880, Section 24—209, D.C.Code 1940.[4] Indeed Story v. Rives, supra, points out that this is so independent of the Act of June 5, 1934, supra.

It is insisted, however, by the petitioner that certain language in Story v. Rives also indicates that the District Board did not acquire from the United States Board of Parole any power to impose conditions upon the release of prisoners confined in the penal institutions of the District of Columbia when such prisoners were released because of the good conduct deductions authorized by Sections 710 and 716b, supra. I believe that the critical proposition for which Story v. Rives stands is that neither the Act of July 15, 1932, creating the Dis-

not operate to prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody. (June 29, 1932, c. 310, § 4, 47 Stat. 381.)"

[3] I hereby certify that the following is a correct copy of an Order of the Commissioners of the District of Columbia promulgated under date of August 30, 1932:
"Ordered:
"That the following persons are hereby appointed members of the Board of Indeterminate Sentence and Parole for the Penal Institutions of the District of Columbia, under authority of Act of Congress approved July 15, 1932:
"Isaac Gans, for a period of seven years.
"Dr. Loren B. T. Johnson, for a period of five years.
"Dr. Emmett J. Scott, for a period of

three years. (L.R. 273, 705–8 C.O.) (L. S. 324334 C.O.)"

G. M. Thornett
Secretary,
Board of Commissioners, D. C.

[4] "Sec. 10. The Board of Parole created by the Act of Congress entitled 'An Act to amend an Act providing for the parole of United States prisoners, approved June 25, 1910, as amended', approved May 13, 1930, shall have and exercise the same power and authority over prisoners convicted in the District of Columbia of crimes against the United States and now or hereafter confined in any United States penitentiary or prison (other than the penal institutions of the District of Columbia) as is vested in the Board of Indeterminate Sentence and Parole over prisoners confined in the penal institutions of the District of Columbia."

trict Board, nor the Act of June 5, 1934, supra, restricts in any way the power of the United States Board of Parole to supervise prisoners "released from institutions other than in the District under the provisions of Section 4 of the Act of June 29, 1932, 18 U.S.C.A. § 716b." Story v. Rives certainly does not stand for the proposition that the release of a prisoner from an institution in the District on account of good conduct deduction is to be without the conditions imposed by Section 716b, supra. It is not contended by the petitioner that, if such conditions are imposed, they must be by the action of the United States Board of Parole, nor is there any showing that the United States Board of Parole has ever undertaken, either before or after Story v. Rives, to exercise such authority respecting a prisoner released from the penal institutions of the District of Columbia, although it is clear that the administrative interpretation of its statutory power exercised in that case is that which was sanctioned by the decision of the Court.

 It is suggested that, in the transfer of power from the United States Board of Parole to the District Board, the use of the term "prisoners confined in" restricts the powers of the District Board, and indicates that such Board does not have jurisdiction over persons *released from* such penal institutions on account of good conduct deductions. It seems that a reasonable construction of this language is that it was used to designate the group of persons by institutions rather than to delimit the powers of the Board to such persons only while they are in confinement. In this sense similar expressions were used in the act establishing a federal parole system, at which time there was a parole board established for each institution. Secs. 714, 715, 18 U.S. C.A. And again the act providing for deductions for good conduct makes use of a term not essentially different. Sec. 710. Again, in the transfer of powers from the original boards of parole to the United States Board of Parole, the term is used to designate what class of prisoners are subject to the jurisdiction of the latter. Section 723b, 18 U.S.C.A.

It is difficult to impute to Congress an intention that Section 716b should not apply to all prisoners who have the benefit of Section 710, and it is equally as difficult, in the light of the language employed in the Act of July 15, 1932, to impute an intention to Congress that, as to prisoners released

from penal institutions in the District of Columbia, the District Board should have supervision when such persons are on parole, but the United States Board of Parole should have supervision of such persons when they are released "as if on parole." It seems more reasonable that, when Congress provided that prisoners released on account of deductions for good conduct shall be "treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners," it was intended that, although such release was not of the same character as a release on parole, as is pointed out in Story v. Rives, supra, whatever authority was empowered to impose conditions on the release on parole of United States prisoners, to supervise them, and to retake them for violation of such conditions of parole, should be the authority empowered to impose conditions on the release on account of deductions for good conduct of United States prisoners, to supervise them, and to retake them for violations of such conditions of their release. If that is what was intended, and I am of the opinion that it was, such power passed from the United States Board of Parole to the District Board by the Act of July 15, 1932, with respect to United States prisoners in penal institutions of the District of Columbia.

I conclude, for the reasons stated, that the petitioner is lawfully in custody, and the writ must be discharged.